THE DOSORIS POND COMPANY, Respondent, *v.* EDWARD J. CAMPBELL and Others, Appellants, Impleaded with Others.

*Action to restrain the use of a mill pond — missing links of title recited in ancient deeds — adverse possession by the erection of a dam — relative strength of titles.*

Recitals in ancient conveyances, of links in a chain of title, taken in connection with possession and claim of ownership in harmony with such recitals, must be deemed to create a conclusive presumption in favor of the truth of such recitals, although the links themselves are missing.

While it is doubtful whether the flooding, for about 100 years, of land by means of a dam continuously maintained, constitutes a technical adverse possession of the land flooded, it gives the person maintaining the dam the benefit of any presumption which may be indulged to supply defects in his title.

The plaintiff, in an action brought to restrain the defendants from making use of a mill pond, must recover on the strength of his own title, but if, upon measuring it against the defendants' title, it is better in respect to the right of possession than the defendants', he prevails because of its sufficient strength.

APPEAL by the defendants, Edward J. Campbell and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 25th day of January, 1897, upon the decision of the court rendered after a trial at the Queens County Special Term.

The action was brought to enjoin and restrain the defendants from taking or attempting to take any fish or shell fish from the East Dosoris mill pond, and from keeping or using any boats or implements for fishing and shell fishing on said premises, and from interfering or attempting to interfere with the plaintiff's rights in said East Dosoris mill pond, or from committing any waste, spoil, destruction or damages upon the said premises.

The plaintiff leased the right of fishery in said pond from one Leonard Jacob, who claimed to be the owner in fee of the land covered by such pond.

*George B. Stoddart,* for the appellants.

*Wilmot T. Cox* and *Albert W. Seaman,* for the respondent.

Judgment affirmed, with costs, on the opinion of the Special Term.

All concurred.

The following is the opinion of the Special Term :

W. M. SMITH, J. :

I think the evidence abundantly sustains the claim of plaintiff that the grant from the crown to Robert Williams, contained in the Nicoll patent of August 1, 1668, embraces the premises in question.

It is equally clear that the words of the grant are sufficient to convey the lands under water within its limits.

If there was no prior grant of the premises, and the plaintiff proved satisfactorily that it had succeeded to the title created by the original grant, it is entitled to the relief demanded in this action.

The defendants attempted to prove a prior grant of the premises to one Henry Townsend for mill purposes, but that grant was of premises on Mill river, and it is shown that Mill river is several miles distant from the premises in question, and that there is a mill on that stream now known as Townsend's mill.

The plaintiff has proved a substantial chain of title from the original grantee ; there are a few of the ancient links missing, but they are all recited in subsequent conveyances, and these recitals in ancient conveyances, taken in connection with the possession and claim of ownership of the premises in harmony with them, must be deemed to create a conclusive presumption of the truth of the recitals.

It is also undisputed that for about 100 years the premises have been flooded by a dam, erected in the first instance for the purpose of running a tide mill, and since continuously maintained by the various owners.

While I think it doubtful if this makes a technical adverse possession, still it is possession sufficient to give the plaintiff the benefit of any presumption which may be indulged in to supply defects. (*Trustees of Brookhaven* v. *Strong*, 60 N. Y. 72.)

The defendants justify under claim of title in the town of Oyster Bay, derived from the Andros patent.

The claim is not tenable because that patent is antedated by the Nicoll patent to Williams, and it excepts from its operation all prior grants.

The plaintiff must recover on the strength of his own title, not upon the weakness of the defendants' ; but he measures his title with that of the defendants, and if it is better in respect to his right of

possession he prevails because of its sufficient strength. (*McRoberts* v. *Bergman*, 132 N. Y. 84.).

I think proof of plaintiff's title from the original source so thoroughly established by an unbroken chain of conveyances that it need not invoke the aid of this principle as a basis of recovery, but, invoking this principle, there seems no escape from the conclusion that plaintiff has the superior right of possession, and is, therefore, entitled to the relief demanded in the complaint.

On account of the novelty and importance of the question involved I think the defendants were justified in having an adjudication of the respective rights of the parties, hence no costs are awarded either party.

# Cases

DETERMINED IN THE

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### January, 1898.