## SECOND DEPARTMENT, JANUARY, 1924.

EMIL J. STEHLI, Appellant, v. THE TOWN OF OYSTER BAY, Respondent.

*Real property — boundaries — action to quiet title to beach property.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the Nassau county clerk's office January 8, 1923, upon the verdict of a jury rendered by direction of the court, certain specific questions having been submitted to the jury, and also from two orders, entered on the same day, one denying plaintiff's motion for a new trial, and the other granting defendant an extra allowance of $2,000 in an action to quiet title to certain beach property on Long Island sound in the town of Oyster Bay.

PER CURIAM: Judgment and orders affirmed, with costs. This court decided in the ejectment action (*Town of Oyster Bay* v. *Stehli*, 169 App. Div. 257) that the description in the deed of 1667 from the Indians to Underhill did not include the sound beach between the meadows and high-water mark, and that, therefore, this beach passed to the town under the later Andros patent. We reversed the contrary judgment of the Trial Term in favor of the defendant and granted a new trial. The defendant appealed to the Court of Appeals where the judgment of this court was affirmed and under defendant's stipulation judgment absolute was entered against him (221 N. Y. 515). That ejectment action involved a strip of beach 200 feet long, west of the beach which is the subject of this present action. The town of Oyster Bay alleging that this former adjudication was *res judicata* in the case at bar, a separate trial of the issue was had at Trial Term where the judgment was in favor of defendant (*Stehli* v. *Town of Oyster Bay*, 111 Misc. Rep. 355), but upon appeal the judgment was reversed (199 App. Div. 940), this court holding " that the prior judgment is not a bar as to the questions of adverse possession, or regarding the possibility of prior grants as reserved in the Andros patent. The case, therefore, now will stand for trial on the pleadings." Upon the trial of the action under this last decision the court submitted the question of adverse possession and whether or not the present beach occupied the same location as in 1667 to the jury, and their verdict was against the plaintiff on both these issues. The learned trial justice, following the opinion of this court in the former case, interpreted the deed of 1667 from the Indians to Underhill as not including the beach in dispute, which adjoins and is part of the beach involved in the former litigation, and directed a general verdict for the defendant. We see no reason for interfering with the judgment entered upon the verdict. If the deed to Underhill included the beach, the plaintiff Stehli made out a case. On the contrary, if the deed in question did not include the beach, then it passed to the town under the Andros patent. Rich, Jaycox, Kelby and Kapper, JJ., concur; Kelly, P. J., concurs in separate opinion.

KELLY, P. J. (concurring): I tried the original ejectment action (*Town of Oyster Bay* v. *Stehli*) in 1912 and directed a verdict for the defendant, holding that the deed from the Indians in 1667 to defendant's predecessors in title included the beach which was the subject of the litigation in that case. The beach in the case at bar is a continuation of the beach involved in the former action. If it was conveyed prior to the date of the Andros patent to the town, then it was not

included in the lands granted by that patent. I based my judgment upon the decision of Mr. Justice JAYCOX in *Jacob* v. *Town of Oyster Bay* (73 Misc. Rep. 283; affd., upon opinion at Special Term, 155 App. Div. 913), which involved this same sound beach to the west of the *locus in quo;* also upon *Roe* v. *Strong* (119 N. Y. 316, 321); *McRoberts* v. *Bergman* (132 id. 73); *Dosoris Pond Co.* v. *Campbell* (25 App. Div. 179, 180; affd., 164 N. Y. 596). The town appealed to this court and the judgment was reversed and a new trial ordered, this court holding that the deed from the Indians above referred to did not include the strip of beach between the meadow and the sound and that, therefore, the beach passed to the town under the Andros patent (169 App. Div. 263). Instead of taking the new trial the defendant Stehli appealed to the Court of Appeals, stipulating for judgment absolute in case of affirmance. The Court of Appeals affirmed the judgment without opinion (221 N. Y. 515). In the original case I held as matter of law that Mr. Stehli had not proved title by adverse possession. He did not appeal from the judgment. In the present case, on what I think were practically the same facts, the question of adverse possession was submitted to the jury and their verdict was in favor of the town. I think the plaintiff in the case at bar must depend upon the interpretation of the Indian deed of 1667 — if that deed did not include the beach I cannot see how he can succeed. Whatever my own views upon the subject may be, I am bound by the interpretation of the description in the deed by this court affirmed by the Court of Appeals, not because the question is *res judicata* so far as the *locus in quo* in this action is concerned, but because I think I must follow the interpretation of the appellate courts. I, therefore, concur to affirm the judgment and orders. Judgment and orders unanimously affirmed, with costs.